```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  YUEQING YANG,

                    Plaintiff,                   MEMORANDUM & ORDER
                                                    24-CV-1992 (EK)

         -against-


  UNITED STATES CITIZENSHIP AND
  IMMIGRATION SERVICES,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Yueqing Yang brings this mandamus action against the United States Citizenship and Immigration Services ("USCIS"). Yang asks the Court to compel USCIS to act on his asylum application. USCIS now moves to dismiss, arguing that the case is moot because it has issued Yang a Notice of Interview. The Court agrees, and the case is dismissed for want of subject-matter jurisdiction.

### I. Background

        Yang is a citizen of China who entered the United States in November 2018. *See* Decl. of Matthew Horton ¶ 12, ECF No. 8-2. He filed an asylum application shortly after he arrived. *Id.* ¶ 13. In March 2024, Yang filed this action, alleging that he was "waiting for the final determination" of

his application and requesting that the Court "provide the mandamus of [his application]." Compl. 4, ECF No. 1.

Several months later, in August 2024, USCIS issued Yang a Notice of Interview. *See* ECF No. 6-1. This notice stated that Yang's asylum interview would occur in December 2025. *Id.* Given this development, USCIS moved to dismiss. *See* Mot. to Dismiss, ECF No. 8.

Yang did not timely respond to the motion to dismiss. In April 2025, the undersigned warned Yang that if he failed to respond to the motion within two weeks, the Court would treat the government's motion as unopposed. *See* Docket Order dated April 5, 2025. Yang still has not filed a response, so the Court treats the instant motion as unopposed.

## II.  Discussion

A court may dismiss a complaint for lack of subject-matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[1] The plaintiff bears the burden of showing that subject-matter jurisdiction exists. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). When considering a motion to dismiss for lack of subject-matter jurisdiction, a court "may consider affidavits and other

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

materials beyond the pleadings to resolve the jurisdictional issue." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

The mootness doctrine "stems from Article III's 'case or controversy' requirement." *Etuk v. Slattery*, 936 F.2d 1433, 1441 (2d Cir. 1991). A case is moot if the plaintiff's requested relief "can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). In such circumstances, there is no case or controversy to justify federal subject-matter jurisdiction. *Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994). In an undue-delay action, a "prerequisite for the existence of a case or controversy" is the agency's "refusal to act on an application." *Meng v. U.S. Customs & Imm. Servs.*, 597 F. Supp. 3d 552, 554 (E.D.N.Y. 2022).

This case is moot. When USCIS issues a Notice of Interview, an undue-delay action is moot because the agency has "initiated action" on the asylum application. *See, e.g.*, *Wang v. USCIS*, No. 22-CV-149, 2022 WL 17851621, at *2 (E.D.N.Y. Aug. 3, 2022). USCIS has issued a Notice of Interview to Yang. *See* ECF No. 6-1. So, the Court lacks subject-matter jurisdiction over this case.[2] *Wang*, 2022 WL 17851621, at *2.

---

[2] It is irrelevant that USCIS has not yet resolved Yang's underlying asylum application. "A decision on the application itself is not necessary

3

### III. Conclusion

For the foregoing reasons, the complaint is dismissed without prejudice for want of subject-matter jurisdiction. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   May 12, 2025
        Brooklyn, New York

---

to deprive the Court of jurisdiction on mootness grounds." *Wang*, 2022 WL 17851621, at *2.